**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10128 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-02066-DCB |
| v. | |
| MARIA AYALA-ESQUER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Maria Ayala-Esquer appeals from the 48-month sentence imposed following

her guilty-plea conviction for possession with intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

importation of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(H). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ayala-Esquer contends that the district court erred by failing to grant a minor role adjustment under U.S.S.G. § 3B1.2. Under the facts of this case, the district court did not clearly err by denying an adjustment for minor role. *See United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006) (describing standard); *see also United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991) (stating that a defendant "may be a courier without being either a minimal or a minor participant," and that "possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction").

Ayala-Esquer further contends that her sentence was substantively unreasonable because the district court relied too heavily on the need to deter others in justifying its sentence. However, the record indicates that the district court carefully considered Ayala-Esquer's individual circumstances in selecting the below-Guidelines sentence. Considering the totality of the circumstances, the sentence was substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**